◼ In the Matter of the Claim of ELLEN McWILLIAMS, Respondent, against EASTMAN KODAK COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer-carrier from an award of partial disability as the result of an occupational disease. The claimant worked for the Eastman Kodak Company for some time prior to September 22, 1949 when she became disabled as a result of paresthesias, alleged to have been caused by the constant use of screwdrivers and snippers. The said disease, described as an abnormal sensation without objective cause, affected the fingers and thumb of her right hand. There was no compensable lost time and on March 6, 1950, it was determined from the testimony of the claimant and the medical examinations that she had completely recovered from the said disease. Thereafter in March of 1954, because of the alleged hand condition, the claimant stopped work and the board has found that she was disabled as the result of an occupational disease and made an award for reduced earnings. The medical testimony on behalf of all of the parties established that there was no objective evidence of any injury or disease and that all of her complaints were subjective. The board directed the case be referred to an impartial specialist. His report of an examination made August 1, 1956 and subsequent testimony express the view that there were no objective signs of any illness and all her symptoms were on a subjective level. "It is my opinion that the past symptoms which the claimant presents are occupational in nature and that her occupation precipitated her present symptom complex. However, these symptoms cleared on March 9, 1950 and it is my opinion that the psychological factors, nervous tension and her hysterical make-up are responsible for her present disability. * * * Therefore there is no direct relationship between her present disability and her occupation at Eastman Kodak Company." One other doctor testified that he did not know the cause of her condition. Another stated that claimant's occupation was not directly or indirectly responsible for her difficulties and "her complaints are on a vascular basis and not occupational". The doctor who had classified the 1949 incident as "occupational" in nature testified that she was not disabled in May of 1954 and that "whatever condition she had was not occupational." The basic principles for a determination as to what constitutes "occupational disease" is set forth in Matter of Detenbeck v. General Motors Corp. (309 N. Y. 558). From the record here we are unable to find substantial evidence to sustain the finding of the board. The medical testimony establishes that the condition from which she was suffering in 1954 was not occupational in nature. Decision and award of the Workmen's Compensation Board reversed and claim dismissed, with costs to the appellant against the Workmen's Compensation Board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.